United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD L. TAYLOR,

    Plaintiff,

 v.

MICHAEL J. ASTRUE,

    Defendant.
_____/

No. C-07-05549 EDL

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

  On October 31, 2007, Plaintiff Ronald Taylor ("Plaintiff") filed this petition for Writ of Mandamus, declaratory and injunctive relief against Defendant Michael Astrue, Commissioner of the Social Security Administration ("Defendant"). On March 4, 2008, Plaintiff amended his complaint, alleging that the Appeals Council of the Social Security Administration improperly reopened a partially favorable decision on Plaintiff's entitlement to the Supplemental Security Income ("SSI") benefits and thus denied Plaintiff due process of law. On March 14, 2008, Defendant filed a motion to dismiss for lack of subject matter jurisdiction. For the reasons stated in this Order, the Court grants Defendant's Motion to Dismiss.

**BACKGROUND**

  On December 3, 2003, Plaintiff filed an application for SSI benefits pursuant to Title XVI of the Social Security Act ("SSA"). Ray Decl. ¶ (3)(a). The claim was denied at the initial level on February 27, 2004 and upon reconsideration on August 6, 2004. Def. Ex. 1, Decision. Upon Plaintiff's request, a hearing was held on August 18, 2005 before an Administrative Law Judge ("ALJ"). Id. On June 13, 2006, the ALJ issued a partially favorable decision finding Plaintiff disabled for a closed period from April 28, 2003 through October 1, 2004. Ray Decl. ¶ (3)(a).

On July 15, 2006, Plaintiff's attorney requested review of the ALJ's June 13, 2006 decision by the Appeals Council, alleging, inter alia, that the ALJ held a specific bias against Plaintiff. Id. at ¶ (3)(c); Def. Ex. 2, Letter ¶ 8. Subsequently on October 31, 2007, Plaintiff filed a petition for Writ of Mandamus, declaratory and injunctive relief in this court. Ray Decl. ¶ (3)(e).

On January 18, 2008, the Appeals Council vacated the ALJ's decision in its entirety, and remanded Plaintiff's case to the ALJ for resolution of several issues. Def. Ex. 3, Order. The order instructed the ALJ to, inter alia, obtain additional evidence from medical and vocational experts and to take any further action to complete the administrative record. Id. The Appeals Council also found no evidence indicating that the ALJ's hearing or decision was unfair or that the ALJ was biased. Id.

Subsequently on March 4, 2008, Plaintiff amended his complaint, alleging that the Appeals Council improperly reopened the favorable part of the ALJ's decision and thus, denied him due process. Am. Compl. 2:2-9. Plaintiff asserts that the Court derives subject matter jurisdiction from 28 U.S.C. § 1331, 42 U.S.C. § 405(g), 28 U.S.C. § 1361, 5 U.S.C. § 704 and 28 U.S.C. §§ 2201, 2202. On March 14, 2008, Defendant filed a motion to dismiss for lack of subject matter jurisdiction.

**DISCUSSION**

**1.   42 U.S.C. § 405(g) provides the exclusive basis for subject matter jurisdiction here**

In cases brought under the SSA, 42 U.S.C. § 405(h) defines the court's subject matter jurisdiction[1]. The Supreme Court has read Section 405(h) broadly to encompass any claim for which the SSA provides both the "standing and substantive basis." Weinberger v. Salfi, 422 U.S. 749, 766 (1975); Hecker v. Ringer, 466 U.S. 602, 614-18 (1984) (holding that claimants' challenge to payment policy under Medicare Act was a claim under SSA and therefore Section 405(h) barred federal question jurisdiction despite the fact that claimants only sought declaratory and injunctive relief rather than an award of benefits). Section 405(h) precludes independent jurisdictional basis of

---

[1]Section 405(h) of Title 42 U.S.C. provides that:
No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code, to recover on any claim arising under this title.

2

any claim other than that provided by Section 405(g)[2]. <u>Hooker v. United States Dep't of Health and Human Servs.</u>, 858 F.2d 525, 529-30 (9th Cir. 1988) (holding that plaintiff's claim that agency's wrongful termination of decedent's disability benefits caused his suicide arose under SSA rather than Federal Tort Claims Act and was therefore barred by Section 405(h)); <u>Marin v. Dep't of Health and Human Servs.</u>, 769 F.2d 590, 594 (9th Cir. 1985) (holding that plaintiffs' claims for tardy processing of their entitlement to reimbursement arose under Medicare Act and thus were barred by Section 405(h)).

Here, Plaintiff's claims, challenging the Appeals Council's decision to vacate the ALJ's partially favorable decision and seeking relief for the alleged due process violation relating to his entitlement to the SSI benefits, fall within the category of cases for which Section 405(g) provides the sole express jurisdictional basis for judicial review. Therefore, the SSA provides the "standing and substantive basis" for both his constitutional and nonconstitutional claims and Section 405(g) confers the exclusive subject matter jurisdiction. <u>Weinberger</u>, 422 U.S. at 761.

Courts, however, recognize one exception to the limitations imposed by Section 405(h) on judicial review of an administrative agency's decision, when the claimant raises a colorable constitutional claim of a due process violation. <u>Califano v. Sanders</u>, 430 U.S. 99, 109 (1977). The Ninth Circuit has held that the <u>Sanders</u> exception applies to "any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." <u>Udd v. Massanari</u>, 245 F.3d 1096, 1099 (9th Cir. 2001) (citing <u>Evans v. Chater</u>, 110 F.3d 1480, 1483 (9th Cir. 1997)).

In <u>Evans</u>, the plaintiff alleged that a prior denial of benefit should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the denial. <u>Evans</u>, 110 F.3d at 1483. Similarly, the plaintiff in <u>Udd</u> alleged that the his mental impairment prevented him from understanding the order of termination and complying with regulations to

---

[2] Section 405(g) of Title 42 U.S.C. provides that:
Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

3

request a timely review of the decision. Udd, 245 F.3d at 1099. In both cases, the court found that the plaintiff asserted a colorable constitutional claim and the Sanders exception conferred federal question subject matter jurisdiction on the court. Id.; Evans, 110 F.3d at 1483. In White v. Astrue, C-06-07374 CRB (N.D. Cal. July 27, 2007), the plaintiff asserted a colorable due process claim where the ALJ denied plaintiff's request to reopen previous application because the ALJ was confused as to what case was before him.

Here, by contrast, Plaintiff fails to raise a colorable constitutional claim comparable to the due process claims raised in Udd and Evans. Plaintiff makes no similar allegations of mental impairment or judicial confusion. Further, the Appeals Council's remand provides him additional process, unlike cases that required reopening to address similar issues. Therefore, Plaintiff's allegation of the undue delay of adjudicating his case does not raise a colorable constitutional claim that supports federal question jurisdiction.

### 2. Plaintiff has not exhausted administrative remedies

The Supreme Court has long recognized the general rule of administrative exhaustion, requiring parties to exhaust prescribed administrative remedies before seeking relief from federal courts. McCarthy v. Madigan, 530 U.S. 140, 144-55 (1992). The exhaustion requirement serves the "twin purpose of protecting administrative agency authority and promoting judicial efficiency." Id. at 145. Section 405(g) specifies that a final decision made by the Commissioner after a hearing is a prerequisite for judicial review. 42 U.S.C. § 405(g). This requirement is "central to the grant of subject-matter jurisdiction." Weinberger, 422 U.S. at 763-64. Furthermore, the Supreme Court acknowledged that the meaning of the term "final decision" is left to the Commissioner to "flesh out by regulation." Id. at 766. Under the statutory scheme, the Commissioner may "specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration," and the court may not substitute its own conclusion as to the futility of such exhaustion. Id. at 767.

Under the Commissioner's regulations, a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 416.1400(a) (2007). Only after these four steps, may the claimant seek judicial review of the Commissioner's final

4

1  decision by filing an action in federal district court within sixty days after receiving notice of the
2  Appeals Council's action. Id.

3  Although Plaintiff here has completed the four mandatory steps, the key issue is whether the
4  Appeals Council's order to remand Plaintiff's case for further proceedings constitutes a final
5  decision within the meaning of Section 405(g).  Contrary to Plaintiff's assertion that the Appeals
6  Council has issued its own decision by remanding the case to the ALJ, a decision to remand the case
7  is discretionary and does not constitute a final decision. 20 C.F.R. § 416.1477(a) (2007); Hearings,
8  Appeals and Litigation Law Manual ("HALLEX") I-3-7-1 (2005) (stating that Appeals Council may
9  remand a case if it finds significant evidentiary or procedural deficiencies); Taylor v. Heckler, 765
10 F.2d 872, 877 (9th Cir. 1985) (holding that discretionary decisions by Appeals Council are not "final
11 decisions" within meaning of Section 405(g) and thus not subject to judicial review).

12 Moreover, judicial review of the Appeals Council's remand order conflicts with the rationale
13 and purpose of administrative exhaustion.  The primary purposes of the exhaustion requirement are
14 to protect administrative agency authority and to promote judicial efficiency. McCarthy, 503 U.S. at
15 143-45.  It affords the agency an opportunity to "correct its own errors, to afford the parties and the
16 courts the benefit of its experience and expertise, and to compile a record which is adequate for
17 judicial review." Weinberger, 422 U.S. at 765; see also McCarthy, 503 U.S. at 145.  Here, the
18 Appeals Council remanded this matter partially because additional evidence from medical and
19 vocational experts was needed. Def. Ex. 3, Order.  Judicial review of the remand order would
20 require the court to evaluate the ALJ's decision directly.  Because the Appeals Council had already
21 made the judgment that the administrative record was not adequate for its review and remanded the
22 case to the ALJ to correct his errors, id., judicial review is premature and would not serve the
23 purpose of promoting judicial efficiency.

24 Plaintiff's argument that the agency has issued final decisions on two issues and thus they are
25 subject to judicial review is without merit.  First, Plaintiff urges the Court to reverse the Appeals
26 Council's order remanding the favorable portion of the ALJ's decision because of "undue delay" in
27 connection with the adjudication of his claim for benefits. Pl. Opp'n 10:1-18.  But Plaintiff's
28 allegation of "undue delay" is insufficient without some additional support.  The mere allegation of

a due process violation, without a colorable constitutional claim, is insufficient to provide subject matter jurisdiction. <u>Hoye v. Sullivan</u>, 985 F.2d 990, 992 (9th Cir. 1992). Moreover, Plaintiff's reliance on the HALLEX to support his argument that the remand order is a final decision is misplaced because as an internal procedure manual, HALLEX does not impose judicially enforceable duties upon the agency. <u>Lowry v. Barnhart</u>, 329 F.3d 1091, 1023 (9th Cir. 2003).

Second, Plaintiff argues that the Appeals Council has made a final decision on the issue of the ALJ's alleged bias against him. Pl. Opp'n 10:19-22. Other administrative remedies, however, are still available to Plaintiff, such as disqualification of the ALJ on remand pursuant to 20 C.F.R. § 416.1440. In addition, after the ALJ issues a decision on remand, Plaintiff can again appeal the decision to the Appeals Council on the issue of bias. Once the Appeals Council issues a final decision, Plaintiff could appeal it to the district court. Plaintiff, however, contends that because the Appeals Council found no bias, denying judicial review of this claim would not simply channel review through the agency, but would mean no review at all. Pl. Opp'n 9:5-16 (citing <u>Shalala v. Illinois Council on Long Term Care</u>, 529 U.S. 1 (2000)). Here, Plaintiff's challenge to the ALJ's bias is an issue arising from his claim for the SSI benefits and therefore <u>Illinois Council</u> in fact supports a jurisdictional bar in this case. <u>See</u> <u>Illinois Council</u>, 529 U.S. at 23 (requiring presentment of claim to agency under Medicare Act even where the petitioner, an association of nursing homes, argued that it would be denied review of agency practices, stating that: "The fact that the agency might not provide a hearing for that *particular contention*, or may lack the power to provide one, is beside the point because it is the 'action' arising under the Medicare Act that must be challenged through the agency. After the action has been so channeled, the court will consider the contention when it later reviews the action.") (emphasis in original) (internal citations omitted).

**3.     Plaintiff's constitutional claim does not allow waiver of the exhaustion requirement**

Ordinarily, the Commissioner has discretion to decide whether the exhaustion requirement should be waived. <u>Bowen v. City of New York</u>, 476 U.S. 467, 483 (1986). Some special cases, however, may arise where "a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." <u>Id.</u> (citing <u>Matthews v. Eldridge</u>,

424 U.S. 319, 330 (1976)).  Following Bowen, the Ninth Circuit adopted a three-part test for determining whether the exhaustion requirement should be waived where a claimant raises a constitutional claim. Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003); Hoye, 985 F.2d at 991. A constitutional claim that merits waiver of the exhaustion requirement must be: (1) collateral to a substantive claim of entitlement; (2) colorable in its showing that denial of relief will cause irreparable harm; and (3) one whose resolution would not serve the purposes of exhaustion. Kildare, 325 F.3d at 1082; Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993); see also Hoye, 985 F.2d at 991.

First, Plaintiff's claim for injunctive relief against the undue delay by the agency does not meet the collaterality requirement. A constitutional claim that is collateral to a substantive claim of entitlement is a challenge to an agency policy applicable to a class of claimants without regard to individual circumstances. See Kildare, 325 F.3d at 1082-83. An aggregation of individual irregularities without more is not sufficient to support an inference of a specific policy to disregard the regulations; absent an underlying policy, those claims were "inextricably intertwined with their claims for benefits." Id. at 1083. Here, the thrust of Plaintiff's claim is that the Appeals Council made a mistake by vacating the favorable part of the ALJ's decision and that mistake would cause undue delay of the adjudication of his other claims. Am. Compl. 4:28-5:7. Plaintiff does not claim that an agency-wide policy has led to the alleged undue delay. Nor does Plaintiff allege that the agency failed to follow applicable regulations, which would otherwise be deemed collateral to his claim for benefits. Bowen, 476 U.S. at 483. Plaintiff simply argues, without providing any authority, that his due process claim is "clearly collateral" because he is not requesting disability benefits. Pl. Opp'n 13:6-13.

Second, Plaintiff fails to raise a colorable claim of irreparable harm that is substantial and material. "A colorable claim of irreparable harm is one that is not 'wholly insubstantial, immaterial, or frivolous.'" Id. (quoting Johnson, 2 F.3d at 922). A mere allegation of a denial of substantive due process is not sufficient to raise a colorable constitutional claim. Hoye, 985 F.2d at 992. Plaintiff here argues that irreparable harm is shown by the fact that he has to endure another hearing, the adjudication of his other claims may be delayed, and he will lose some interest on back benefits that

7

1 may be granted in the future. Pl. Opp'n 13:9-13. A protracted administrative process, however, is
2 not comparable to the kind of harms suffered by the plaintiffs in Kildare, where back payment of
3 Social Security benefits could not adequately compensate the adverse effect of several months
4 without food, shelter or other necessities on claimants who were dependant on General Assistance
5 and food stamps. Kildare, 325 F.3d at 1083. Moreover, Plaintiff has cited no authority under which
6 he would be entitled to interest on his back benefits. Even if he is entitled to such interest, it does
7 not amount to a similar irreparable harm to the one in Kildare.

8 Finally, Plaintiff has not shown that exhausting administrative remedies would be futile in
9 this case. Waiver is not appropriate where administrative processes could resolve the alleged errors.
10 Id. at 1084. Exhaustion would be futile if the agency applies a "systemwide, unrevealed policy that
11 was inconsistent in critically important ways with established regulations," because "nothing is
12 gained from permitting the compilation of a detailed factual record, or from agency expertise."
13 Kildare, 325 F.3d at 1084 (citing Bowen, 476 U.S. at 485). Plaintiff does not claim that the agency
14 fails to follow its regulations, nor does he allege any illegal system-wide policy. Instead, he merely
15 alleges irregularities in processing his application for the SSI benefits that depend upon the
16 particular facts of his case. Therefore, exhaustion of administrative remedies is not futile because
17 the exact purpose of the remand order is to afford the ALJ an opportunity to address his own errors
18 and to compile a better record that will be adequate for further administrative or judicial review.

19 **4.     Writ of Mandamus is not available**

20 Mandamus is an extraordinary remedy and is available to compel a federal official to
21 perform a duty only when: (1) the individual's claim is clear and certain; (2) the duty is
22 nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other
23 adequate remedy is available. Kildare, 325 F.3d at 1084; Lowry, 329 F.3d at 1021. "If a plaintiff has
24 no legal entitlement to the relief sought, a 'clear and certain' claim cannot exist, and the writ will not
25 lie." Id. Moreover, mandamus will be unavailable if the administrative review process could correct
26 the individual errors alleged by the claimants. Kildare, 325 F.3d at 1085.

27 Here, Plaintiff's right to judicial review depends on the agency's issuance of a final decision
28 within the meaning of Section 405(g). Because the Court has found that the Appeals Council's

order remanding the case does not constitute a final decision within the meaning of Section 405(g), Plaintiff has no legal entitlement to the relief he is seeking. Further, the agency's duty to give speedy adjudication of Plaintiff's claim for benefits is purely discretionary and is not free from doubt. The Supreme Court has held that an injunction imposing mandatory deadlines for administrative adjudication and review of application for social security benefits was contrary to Congress's refusal to impose such deadlines. Heckler v. Day, 467 U.S. 104, 111-12 (1983) (holding that Congress balanced the need for timely decision making against the need to ensure the quality and determined that a mandatory deadline was inappropriate "in the face of heavy and escalating workloads and limited agency resources"). Therefore, mandamus is not available in this case.

**CONCLUSION**

Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is hereby granted. Plaintiff's amended complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: August 13, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge